UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


JASON FRAZIER,                    )
                                  )
              Plaintiff           )
                                  )
       v.                         )      Cause No.: 3:10-CV-45 RM
                                  )
NASH FINCH COMPANY,               )
                                  )
              Defendant           )


OPINION AND ORDER

This matter comes before the court on Nash Finch Company's motion to
dismiss counts I and II of Jason Frazier's complaint and alternative motion for
partial summary judgment. After receiving a right to sue notice from the EEOC,
Mr. Frazier filed a three count verified complaint on January 7, 2010. The
litigation is in its early stages. A Rule 16(b) conference was held on March 18,
2010, which set the discovery deadline at February 15, 2011.


I. BACKGROUND

The thrust of Mr. Frazier's complaint is that he was discriminated against
unlawfully because he has bipolar disorder. Mr. Frazier alleges that fellow
employees created a hostile work environment on account of his bipolar disorder
and that management did nothing about it. He further alleges that he was
pressured into resigning from his job with a threat of termination. Count I alleges

harassment, discrimination and retaliation under the Americans with Disabilities Act; Count II alleges hostile work environment and retaliation under Title VII; and Count III alleges unlawful interference with attainment of benefits and retaliation under ERISA.

Nash Finch's motion argues that Mr. Frazier's Title VII claim should be dismissed for failure to state a claim because Mr. Frazier didn't bring a Title VII complaint before the EEOC and so is procedurally barred from bringing a Title VII complaint. Further, Nash Finch argues that Mr. Frazier hasn't stated a claim upon which relief can be granted under Title VII because he hasn't indicated a protected class under Title VII to which he belongs.

Nash Finch's motion also attaches a settlement agreement that Mr. Frazier signed upon his termination in which Mr. Frazier was to receive compensation and Mr. Frazier was to agree to release Nash Finch from any claims under Title VII and the ADA.

Mr. Frazier's response argues that the settlement agreement he signed was not signed "knowingly and voluntarily" and so doesn't bar his Title VII and ADA claims. Mr. Frazier offered no response to Nash Finch's arguments about his Title VII claim's procedural sufficiency or regarding protected class. Nash Finch filed a reply disputing Mr. Frazier's arguments about whether he signed the settlement agreement "knowingly and voluntarily."

II. ANALYSIS

The court addresses the counts in reverse order, starting with Count II, because the Title VII issues can be addressed as a motion to dismiss. Because the ADA issues depend upon the signed settlement agreement, which wasn't part of the complaint, the court addresses the Count I ADA issues separately as a motion for summary judgment.

### A. Motion to Dismiss – Title VII Count

Nash Finch moves to dismiss Count II of Mr. Frazier's complaint, which alleges Title VII violations, because Mr. Frazier's Title VII claim is procedurally barred and because it doesn't state a claim upon which relief can be granted.

Attached to Mr. Frazier's verified complaint is a copy of his EEOC charge of discrimination. In the charge, Mr. Frazier checked off boxes for retaliation and disability, and the short narrative he wrote addresses only violations of the ADA. "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [the] EEOC charge." Teal v. Potter, 559 F.3d 687, 691 (7th Cir. 2009) (quoting Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)). Mr. Frazier's EEOC charge alleges retaliation under the ADA but not Title VII, and Mr. Frazier's response to the motion to dismiss doesn't address the Title VII issues so there is no indication that the general rule doesn't apply here. Mr. Frazier's Title VII count is procedurally barred.

Even if the general rule somehow shouldn't apply here, Mr. Frazier hasn't stated a claim on which relief can be granted, so his Title VII claim should be

dismissed pursuant to FED. R. CIV. P. 12(b)(6) and Nash Finch's motion. While reviewing Nash Finch's motion to dismiss, the court accepts all of Mr. Frazier's factual allegations as true and draws all possible inferences in his favor, construing the complaint in a light most favorable to him. Justice v. Town of Cicero, 577 F.3d 768, 771 (7th Cir. 2009); Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir., 2000). Still, the complaint must meet certain requirements. It must contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A sufficient showing requires the facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

Mr. Frazier's claim is full of factual content, but doesn't state a Title VII claim because Mr. Frazier doesn't indicate any Title VII protected class to which he belongs. Mr. Frazier suffered from a mental illness. But "the complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class [such as religion]. Merely complaining in general terms of . . . harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." Kodl v. Bd. of Educ. School Dist. 45, Villa Park, 490 F.3d 558, 563 (7th Cir. 2007) (quoting Tomanovich v. City of Indianapolis, 457 F.3d 656, 663 (7th Cir. 2006).

Mr. Frazier's response to Nash Finch's motion doesn't include any response regarding his Title VII claim. There is no indication, facial or inferable, from the complaint that Mr. Frazier belongs to a protected class under Title VII.

For these two reasons, Nash Finch's motion to dismiss Count II of the complaint regarding Title VII is granted.

### B. Summary Judgment – ADA Count

Because the motion to dismiss the Title VII count is granted, all that remains regarding Nash Finch's motion is the ADA count. The parties' briefs go beyond the complaint and introduce a settlement agreement that Mr. Frazier signed on March 18, 2009 releasing Nash Finch from all ADA claims (among other types of claims). Because the motion to dismiss the ADA claim includes material outside the complaint, this motion is converted into a motion for summary judgment, as the parties seem well aware because the motion to dismiss was alternatively a motion for summary judgment and because both parties filed additional documents beyond the complaint when briefing Nash Finch's motion to dismiss. *See, e.g.*, Green v. Benden, 281 F.3d 661, 665 (7th Cir. 2002).

In reviewing Nash Finch's summary judgment motion, the court doesn't weigh the evidence but rather accepts the evidence Mr. Frazier has presented and construes all facts, and draws all reasonable inferences from those facts, in favor of Mr. Frazier, the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Judgment is proper "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED R. CIV. P. 56(c). A fact is "material" if it might affect the outcome of the litigation under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over material facts are "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The parties dispute whether Mr. Frazier signed the settlement agreement both knowingly and voluntarily. Mr. Frazier says many colleagues harassed him over an extended period of time because of his bipolar disorder. *See generally*, Frazier Affidavit, March 11, 2010 [Doc. No. 19-1]. He also says that co-workers falsely accused him of saying he was going to go "Columbine" at his workplace. Id. at ¶ 12. Nash Finch told him he would be fired if he didn't resign. Id. at ¶ 14. He was given the settlement agreement and was told it wasn't a settlement but rather was an agreement that would get him unpaid wages he had earned and his unpaid vacation. *See* id. at ¶ 16. Mr. Frazier didn't have the advice of an attorney when he signed the document and had less than half an hour to decide to sign it or else he would be fired. Id. at ¶¶ 17-18.

Courts should look at the totality of the circumstances when assessing the validity of such a release,

> including, but not limited to: (1) the employee's education and
> business experience; (2) the employee's input in negotiating the terms
> of the settlement; (3) the clarity of the agreement; (4) the amount of

time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee was represented by counsel or consulted with an attorney; (7) whether the consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law; and (8) whether the employee's release was induced by improper conduct on the defendant's part.

Pierce v. Atchison, Topeka and Santa Fe Ry. Co., 65 F.3d 562, 571 (7th Cir. 1995) (citations omitted). At this early stage of the litigation, there is a genuine issue of material fact as to whether Mr. Frazier signed the settlement agreement knowingly and voluntarily. Accordingly Nash Finch's motion for partial summary judgment on the ADA Count is denied.

## III. CONCLUSION

Nash Finch's motion to dismiss and alternative motion for summary judgment is GRANTED in part and DENIED in part. Count II of the complaint, regarding Title VII, is DISMISSED. Count I (regarding ADA) and Count III (regarding ERISA and not in issue here) remain for further proceedings.

SO ORDERED.

ENTERED: April 16, 2010

_____/s/ Robert L. Miller, Jr._____
Robert L. Miller, Jr., Judge
United States District Court