UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON FRAZIER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Cause No.: 3:10-CV-45 RM-CAN |
| | ) |
| NASH-FINCH COMPANY, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Jason Frazier seeks review of United States Magistrate Judge Christopher A. Nuechterlein's order granting Nash-Finch Company's motion to compel an independent medical examination (IME) of Mr. Frazier pursuant to FED. R. CIV. P. 35. *See* Order, Dec. 29, 2010 [Doc. No. 58]. The court DENIES Mr. Frazier's motion [Doc. No. 61] and AFFIRMS the magistrate's decision.

I. BACKGROUND

Mr. Frazier suffers from a long history of mental health difficulties. He claims he lost his job at Nash-Finch in March 2009 because of his bipolar disorder and out of retaliation for his complaints of harassment to management. Mr. Frazier seeks the statutory maximum $300,000 in damages for emotional distress.

Counsel for Nash-Finch tried to negotiate with Mr. Frazier's counsel to set up an IME (specifically, a psychological evaluation) of Mr. Frazier by Dr. Michael Jenuwine. Mr. Frazier's counsel essentially ignored Nash-Finch's requests, and Nash-Finch filed a Rule 35 motion for the court to order an IME of Mr. Frazier.

Magistrate Judge Nuechterlein decided that Mr. Frazier had put his mental condition in controversy and that Nash-Finch had shown good cause for requesting an order for an IME. FED. R. CIV. P. 35(a)(1) & (a)(2)(A). Magistrate Judge Nuechterlein ordered the parties to mutually determine the "time, place, manner, and conditions of the IME." *See* FED. R. CIV. P. 35(2)(B).

Mr. Frazier doesn't argue that the magistrate judge's order was incorrect as a whole, but instead argues that the magistrate judge (1) improperly denied his request for the court to order his IME to be videotaped, and (2) overlooked his request for Nash-Finch to immediately provide plaintiff's counsel "copies of all written materials (including without limitation Frazier's answers to any standardized or other written tests administered to Frazier during the course of the examination)" and for an order protecting the confidentiality of those documents. Mr. Frazier is concerned about preserving his ability to challenge findings that are adverse to his case. Mr. Frazier also lodges a complaint that he doesn't even know what tests Nash-Finch wants conducted.

## II. ANALYSIS

Mr. Frazier misunderstands the applicable standard of review when he asks for *de novo* review of the magistrate judge's order. The court reviews a nondispositive order for "clear error," and not *de novo*. FED. R. CIV. P. 72(a) ("The district judge must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Under the clearly erroneous standard, the reviewing court "is not to ask whether the finding is the best or only conclusion

permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." Berman v. Congressional Towers Ltd. P'ship, 325 F. Supp. 2d 590, 592 (D.Md. 2004); *see also* Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) (district court can overturn magistrate judge's ruling only if "left with the definite and firm conviction that a mistake has been made"); F.T.C. v. Pacific First Benefit, LLC, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (magistrate judge's ruling should be set aside or modified only if it contains "some clearly apparent mistake").

The magistrate judge's decision to deny Mr. Frazier's videotape request was in accord with the law and well within his discretion. Mr. Frazier cites Indiana law for the proposition that videotapings of IME's are allowed in Indiana. Certainly, Indiana law allows a videotaping of an IME, *see* Jacob v. Chaplin, 639 N.E.2d 1010, 1012-1013 (Ind. 1994), but to say something is allowed and within the discretion of the court is far different from saying that the law requires the videotaping, *see* Old Indiana Ltd. Liability Co. v. Montano, 732 N.E.2d 179 (Ind. Ct. App. 2000) ("[T[he trial court did not abuse its discretion by disallowing the tape recording."). More fundamentally, federal rules of procedure—not Indiana rules of procedure—govern this case. Mr. Frazier cites no federal authority to support his argument that the magistrate judge erred when deciding not to order the videotaping of Mr. Frazier's IME, and this court finds authority to support the

3

magistrate's decision. *See* Holland v. United States, 182 F.R.D. 493, 495 (D.S.C. 1998) ("[T]he majority of federal courts have rejected the notion that a third party should be allowed, even indirectly through a recording device, to observe a Rule 35 examination."); 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2236 (3d ed. 2010).

Nash-Finch submitted an affidavit by Dr. Jenuwine indicating that the presence of a videographer and video camera would disrupt and render unreliable the results of various psychological evaluations. *See generally*, Affidavit of Dr. Michael J. Jenuwine, Dec. 10, 2010 [Doc. No. 52]. The magistrate judge's decision to deny Mr. Frazier's request for his IME to be videotaped was reasonable and supported by the evidence, and this court is left with the conviction that the magistrate's decision was a sound exercise of discretion—nothing hints that a mistake was made.

Further, the magistrate judge didn't clearly err when he didn't address Mr. Frazier's document-related request. Motions must be separately filed in this court and parties mustn't expect their response briefs to substitute for a separate cross-motion. *See* Local Rule 7.1(b). An agreed protective order already is in place in this case, protecting the confidentiality of Mr. Frazier's IME. *See* Agreed Protective Order, Sept. 24, 2010 [Doc. No. 42]; FED. R. CIV. P. 26(c). As Mr. Frazier's counsel acknowledges, Rule 35 won't require Nash-Finch to turn over all the documents that Mr. Frazier seeks. It was within the magistrate judge's discretion to overlook

a request that wasn't properly raised, particularly when the merits of that request depend on the magistrate judge's discretion and not on a command of the law.

Finally, Mr. Frazier's counsel complains that he doesn't even know what tests Nash-Finch wishes to have conducted. Any such ignorance appears to have been self-induced. Parties ordinarily negotiate IME's between themselves, *see* Herrera v. Lufkin Industries, Inc., 474 F.3d 675, 689 (10th Cir. 2007), and Nash-Finch had tried to negotiate the IME with Mr. Frazier's counsel over a period of several weeks. Mr. Frazier's counsel essentially ignored Nash-Finch's requests (though it was within Mr. Frazier's right to force Nash-Finch to get the court's permission to conduct this IME). Moreover, Dr. Jenuwine's affidavit indicates his intention to perform a forensic psychological assessment and names a couple of the tests he intends to administer. Dr. Jenuwine indicates that the exact scope of tests he will perform will depend on the results of his clinical interview with Mr. Frazier and on the results of initial tests administered. *See* Jenuwine Affidavit ¶5. Dr. Jenuwine's statements sufficiently indicate what the scope of his examination of Mr. Frazier is to be. Mr. Frazier has mechanisms at his disposal to undermine, limit, or exclude evidence if the IME turns out to have been done improperly or produces doubtful results.

Mr. Frazier must comply with the magistrate judge's order and in good faith, working with opposing counsel to determine mutually agreeable "time, place, manner and conditions" for the IME. *See* Order, Dec. 29, 2010, at 3; *see also* FED. R. CIV. P. 37. Should the parties need clarification about deadlines or other

5

matters related to compliance with the court's orders, they can bring that to Magistrate Judge Nuechterlein's attention.

SO ORDERED.

ENTERED: January 25, 2011

/s/ Robert L. Miller, Jr.
Judge
United States District Court